**Laura HARUTYUNYAN and Edvard Harutyunyan, Petitioners,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 13-71606

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 19, 2017
San Francisco, California

Filed June 6, 2017

Sassoun Nalbandian, Attorney, Nalbandian Law, A Professional Corporation, Glendale, CA, for Petitioners

Michael Christopher Heyse, Trial Attorney, Laura M.L. Maroldy, Trial Attorney,

OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CLIFTON and FRIEDLAND, Circuit Judges, and RICE,* Chief District Judge.

## MEMORANDUM **

Laura Harutyunyan and her son, Edvard Harutyunyan, natives of the former Soviet Union and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") decision upholding the Immigration Judge's ("IJ") denial of their consolidated applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand for further proceedings.

1. The BIA affirmed the IJ's finding that Petitioners' testimony was not credible and, accordingly, upheld the IJ's determination that Petitioners had not met their burden of proving eligibility for asylum, withholding of removal, or CAT protection. If lack of corroboration is one of the stated bases for the IJ or BIA's adverse credibility determination, as it was in this case, we first consider only the reasons for that determination that were unrelated to corroboration issues and evaluate whether the adverse credibility finding is supported by substantial evidence. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016). If the adverse credibility finding is not supported by substantial evidence without taking corroboration issues into account, we must evaluate whether the IJ "provide[d] the applicant notice of the specific corroborative evidence that was required and an opportunity to provide it or explain why he [could not] reasonably obtain it." *Id.* at 1043. If not, we remand "for the IJ to give the applicant that opportunity." *Id.* at 1043-44; *see also Lai v. Holder*, 773 F.3d 966, 975-76 (9th Cir. 2014), *as amended* (same); *Zhi v. Holder*, 751 F.3d 1088, 1094 (9th Cir. 2014) (same).

2. In this case, the BIA identified three non-corroboration-related grounds for affirming the IJ's adverse credibility determination: (1) one purported inconsistency between Laura and Edvard's testimony regarding the number of times Edvard was beaten; (2) one purported inconsistency between Laura's testimony that she was fired in retaliation for her political activities and her written employment records, which indicate that she voluntarily resigned; and (3) the submission of a counterfeit birth certificate for Edvard.

The first inconsistency is "not a proper basis for an adverse credibility determination" because Petitioners were not given an opportunity to explain the discrepancy. *Bhattarai*, 835 F.3d at 1045; *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) (same). The second inconsistency similarly cannot support an adverse credibility finding because the IJ did not explain why she rejected Laura's justification for that discrepancy.[1] *See Soto-Olarte*, 555 F.3d at 1091; *see also Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir. 2004) (same).

---

* The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. To the extent the IJ and BIA also treated this discrepancy as a corroboration issue, as explained *infra*, Laura was not told she needed to support her explanation with corroborative evidence or given an opportunity to provide such evidence.

The third ground—Edvard's counterfeit birth certificate—cannot support an adverse credibility finding because there was no evidence or finding by the IJ that Petitioners knew or should have known the document was counterfeit.[2] *See Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911-12 (9th Cir. 2004). Given that the counterfeit birth certificate does not weigh against Petitioners' credibility and the other inconsistencies identified by the IJ and BIA were procedurally defective, a reasonable factfinder considering only the non-corroboration grounds would be compelled to conclude that the adverse credibility determination was not supported by substantial evidence. *See id.* at 912.

3. The only remaining basis to support the IJ and BIA's adverse credibility determination is the lack of corroboration for certain aspects of Laura and Edvard's testimony. But the IJ did not give Petitioners notice or an opportunity to present corroborative evidence on any of those points before denying relief. Because Petitioners were not given an opportunity to corroborate those aspects of their testimony or explain why they could not, we reverse and remand for the IJ to provide them with that opportunity. *See Bhattarai*, 835 F.3d at 1046-47.

**PETITION FOR REVIEW GRANTED.**

RICE, Chief District Judge, dissenting:

An IJ's credibility determinations deserve substantial deference and "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005) (internal quotation marks omitted)).

These "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)); *see also* 8 U.S.C. § 1252(b)(4)(B).

First, the majority finds that Petitioners were not given an opportunity to explain the discrepancy regarding the number of times Edvard was beaten. Laura testified that Edvard's schoolmates beat him more than fifty times during a twenty month period, while Edvard testified that he was beaten less than twenty times. Each testified in front of the other and the discrepancy was clear and apparent. Indeed, Petitioners describe the testimony as "admittedly very different." Petitioners do not appeal on the ground that they were not given a greater opportunity to explain, but rather only dispute that their very different testimony could support an adverse credibility finding. Petitioners argue that each heard the others' testimony and that fact alone shows that each was being completely honest, that twenty beatings would seem like fifty to a concerned mother, and that Laura's alleged embellishment has no effect on the fact that they suffered persecution. The IJ committed no procedural irregularity and this inconsistency is substantial evidence that supports an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Second, the majority finds that the IJ did not explain her rejection of Laura's justification as to why the records showed she voluntarily resigned from her employment. Laura testified she was fired due to her employer's fear of retribution from the individual whom Laura confronted to thwart election fraud. However, a copy of a contemporaneous employment record and

---

**2.** Nor did the IJ explain how a single document of questionable authenticity discredited Edvard's testimony in light of the ample docu-

mentary and DNA evidence corroborating his identity and his relationship to Laura.

a subsequent letter from Laura's former boss directly contradict Laura's testimony and represent that she voluntarily quit. While Laura testified that it is a former Soviet era custom for employers to instruct their employees to agree to the termination and feign voluntary resignation, the records she submitted do not compel a diametrically opposite conclusion. The IJ explained that Laura provided a "feeble explanation" in contrast with conflicting documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because this inconsistency finding is supported by substantial evidence, *Bhattarai*'s two-step analysis ends and we must "defer to the IJ and BIA's adverse credibility determination." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042-43 (9th Cir. 2016). No further explanation from the IJ is necessary.

Third, relying on *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911-12 (9th Cir. 2004), the majority concludes that Edvard's counterfeit birth certificate cannot support an adverse credibility finding because there was no evidence that Petitioners knew it was counterfeit. In *Yeimane-Berhe*, a pre-Real ID Act case, this Court stated that "[a]lthough the use of a fraudulent document *may*, considering the totality of the record, lend support to an adverse credibility finding, Yeimane-Berhe's submission of an allegedly fraudulent document alone is not substantial evidence that she lacks credibility." *Id.* at 911 (emphasis added). In *Yeimane-Berhe*, unlike here, nothing else in the record suggested Yeimane-Berhe was not credible. *See id.* In this case, considering the IJ's other adverse credibility findings grounded on Petitioners' multiple inconsistencies, I would hold that the use of a fraudulent document "may"—and, in this case, does—lend support to the IJ's credibility determination. *See id.*

Fourth, the majority finds that the IJ did not give Petitioners notice or an opportunity to present other corroborative evidence before making an adverse credibility determination concerning other aspects of Petitioners' testimony. Petitioners do not raise this issue in their appeal, but rather argue that the weight of their corroborative evidence supports their claims. Substantial evidence supports the IJ's decision. This finding is conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Jiang*, 754 F.3d at 738 (Petitioner "must establish that the evidence not only *supports* that conclusion, but *compels* it.") (quoting *Farah*, 348 F.3d at 1156).

For the foregoing reasons, I respectfully dissent and would deny the petition.